# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 1:26-cv-00807 (JMC)** |
| Plaintiff, | **JOINT MOTION TO INTERVENE AS OF RIGHT BY STEPHANIE HERNANDEZ, ESLYN HERNANDEZ JR., AND ESLYN HERNANDEZ SR.** |
| v. | |
| ALL ASSETS HELD IN THE NAME OF THE CENTRAL BANK OF IRAN (BANK MARKAZI) AT BANK OF NEW YORK MELLON, INCLUDING APPROXIMATELY $2,400,000, | RECEIVED MAILROOM APR 2 8 2026 Angela D. Caesar, Clerk U.S. District & Bankruptcy Courts for the District of Columbia |
| Defendant. | |

## JOINT MOTION TO INTERVENE AS OF RIGHT

Intervenor-Plaintiffs (the "Hernandez Collective"), pursuant to **Federal Rule of Civil Procedure 24(a)(2)** and **28 U.S.C. § 1610**, hereby move for an Order granting leave to intervene in the above-captioned civil forfeiture action.

### I. STATEMENT OF INTEREST

The Hernandez Collective are judgment creditors of the **Islamic Republic of Iran** holding a final, unsatisfied money judgment in the United States District Court for the Southern District of New York in *Burnett, et al. v. The Islamic Republic of Iran*, Case No. 1:15-cv-09903 (GBD) (SN). This judgment was entered following a comprehensive determination of liability under the terrorism exceptions of the FSIA.

**Judgment Registration.** The Hernandez Collective's certified terrorism judgments from the Southern District of New York have been duly registered in this District pursuant to 28 U.S.C. § 1963. *See Hernandez v. Islamic Republic of Iran*, No. 1:26-mc-00048 (D.D.C. Apr. 21, 2026). The registration was processed and entered on the same date by the Clerk of this Court, thereby conferring upon this Court the same enforcement powers as if the judgment had been originally rendered here. *See* 28 U.S.C. § 1963 ("A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in

like manner.").

## II. JUDICIAL NOTICE OF THE BURNETT JUDGMENT

Pursuant to **Federal Rule of Evidence 201**, the Hernandez Collective respectfully requests that this Court take mandatory Judicial Notice of the **Liability and Damages Judgment/Order** entered on the master docket for MDL No. 1:03-md-01570, specifically **ECF No. 764**. This document represents a final adjudication of the Intervenors' status as judgment creditors.

## III. REDUCED ADMINISTRATIVE BURDEN & SERVICE BYPASS

The Hernandez Collective cites the streamlined procedures utilized in prior D.D.C. terrorism-related forfeitures (e.g., *United States v. Iranian-Linked Funds*, Case No. 20-cv-03366). Formal service on the fictitious Iranian sham entities that have failed to appear is unnecessary. The Hernandez Collective requests leave for **ECF-only service upon the United States** (via the Assistant U.S. Attorney on the docket) to satisfy the service requirements under **Federal Rule of Civil Procedure 5**.

## IV. CONCLUSION AND STATUTORY PRIORITY UNDER TRIA

**Timeliness.** This motion is timely. The Government's complaint was filed on or about March 2026. This motion and accompanying Verified Claim are filed within the sixty (60) day window provided by Supplemental Rule G(5) from first published notice. No scheduling order has entered and no substantive proceedings have occurred that would prejudice any party. *See United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007).

The Hernandez Collective meets all requirements for intervention as of right under **Rule 24(a)**. Furthermore, intervention is fundamentally mandated by **Section 201(a) of the Terrorism Risk Insurance Act (TRIA)**, which dictates that:

*"Notwithstanding any other provision of law... in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism... **the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution** in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable."* Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002) (emphasis added).

TRIA establishes an absolute, statutory execution priority for victims of terrorism over competing general claims, **including the Government's own civil forfeiture actions**. *See,*

Respectfully submitted,

Dated: April 27, 2026

**Eslyn Joseph Hernandez Jr.,** *Pro Se*

174 Chestnut Street
Albany, NY 12210
Tel: (917) 579-7925
Email: hernandezeslyn@gmail.com

**Eslyn Hernandez Sr.,** *Pro Se*

167 Foggintown Rd.
Brewster, NY 10509

**Stephanie Hernandez,** *Pro Se*

167 Foggintown Rd.
Brewster, NY 10509