UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL ASSETS HELD IN THE NAME OF THE CENTRAL BANK OF IRAN (BANK MARKAZI) AT CITIBANK, N.A., INCLUDING APPROXIMATELY $2,400,000,<br><br>Defendant. | Case No. 1:26-cv-00807 (JMC)<br><br>**JOINT COMPLAINT IN INTERVENTION BY THE HERNANDEZ FAMILY (SHAMKHANI FUNDS)**<br><br>RECEIVED<br>MAILROOM<br>APR 28 2026<br>Angela D. Caesar, Clerk<br>U.S. District & Bankruptcy Courts<br>for the District of Columbia |

**JOINT COMPLAINT IN INTERVENTION**

Intervenor-Plaintiffs (the "Hernandez Collective"), pursuant to **TRIA § 201(a)** and **28 U.S.C. § 1610(g)**, bring this Complaint in Intervention against the Defendant property and allege as follows:

**I. NATURE OF THE ACTION**

1. This is a civil action in intervention to satisfy a final, unsatisfied money judgment against the **Islamic Republic of Iran** and its agency/instrumentality (**Bank Markazi**) using the defendant property, which consists of blocked Iranian assets.

**II. PARTIES**

2. Intervenor-Plaintiffs are individual judgment creditors (Stephanie Hernandez, Eslyn Hernandez Jr., and Eslyn Hernandez Sr.). All are residents of New York and were victims/family of victims of the

September 11 terrorist attacks.

3. The Defendant property is $2,372,392.40 held in a Citibank account in the name of Bank Markazi.

## III. THE FINAL JUDGMENT

4. The United States District Court for the Southern District of New York entered a Final Judgment and Order against the Islamic Republic of Iran and Bank Markazi in *Burnett, et al. v. The Islamic Republic of Iran*, Case No. 1:15-cv-09903 (GBD) (SN) (MDL No. 1:03-md-01570), awarding the Hernandez Intervenors compensatory and solatium damages in the amounts set forth in their certified AO-451 judgments filed herewith.

5. The Hernandez Collective's certified terrorism judgments have been duly registered in this District pursuant to 28 U.S.C. § 1963. *See Hernandez v. Islamic Republic of Iran*, No. 1:26-mc-00048 (D.D.C. Apr. 21, 2026). This registration confers upon this Court the same enforcement powers as if the judgment had been originally rendered here.

6. Iran and Bank Markazi have never satisfied this judgment. The full principal — plus accrued post-judgment interest at the federal statutory rate — remains wholly unpaid.

## IV. LEGAL BASIS FOR RELIEF

6. **TRIA § 201(a):** Assets of a state sponsor of terrorism and its agencies and instrumentalities (including Bank Markazi) are subject to attachment and execution to satisfy terrorism judgments against that state sponsor, notwithstanding any other provision of law.

7. **28 U.S.C. § 1610(g):** Assets of a foreign state and its agencies and instrumentalities are subject to attachment and execution in cases brought under the terrorism exception (28 U.S.C. § 1605A).

8. **IEEPA Blocking / "Blocked Assets" Tracing:** The defendant funds independently constitute "blocked assets" within the meaning of TRIA § 201(c)(2). Bank Markazi is a designated SDN under Executive Orders 13382 and 13599, and its assets are blocked pursuant to 31 C.F.R. §§ 560.211 and 560.212 independent of this § 981 forfeiture. Because the Government's complaint traces the defendant funds directly to Bank Markazi accounts, the funds simultaneously satisfy TRIA's "blocked asset" definition. The United States may not extinguish TRIA execution rights by choosing a § 981 vehicle. *See Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010).

## V. PRAYER FOR RELIEF

WHEREFORE, the Hernandez Collective respectfully requests that this Court:

(A) Enter an Order directing that a portion of the proceeds from the defendant property be distributed to the Hernandez Collective to satisfy their outstanding judgments; and

(B) Grant such other and further relief as the Court deems just and proper.

Stephanie Hernandez

Eslyn Hernandez Jr.

Eslyn Hernandez Sr.